IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

GLEN I. TAYLOR, #127 254          *

      Plaintiff,               *

          v.                *      2:10-CV-1057-ID
                                    (WO)

JUDGE BURT SMITHART, *et al.*,  *

      Defendants.          *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, filed this 42 U.S.C. § 1983 action on December 13, 2010 against the Honorable Burt Smithart, Circuit Judge for the Circuit Court for Bullock County, Alabama; Wilbert Jernigan, Circuit Court Clerk for the Circuit Court for Bullock County, Alabama; and parole officers Len Coughran and Jim Kirkland. Plaintiff seeks a declaratory judgment for the violations alleged in the complaint. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

### A.  Judge Burt Smithart

Plaintiff complains that Defendant Smithart has failed to adjudicate plaintiff's state

---

[1]28 U.S.C. § 1915(e)(2)(B)(i-iii) allows dismissal of a case at any time, regardless of the payment of any filing fee, if the court determines that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from this relief.

habeas petition, which he filed with the Circuit Court for Bullock County in February 2010. Plaintiff alleges that Defendant Smithart's actions have resulted in a violation of his right to due process and access to the courts.

It is well settled that a judicial defendant is immune from a suit seeking monetary damages for actions which the defendant took within his/her judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). In this case, however, Plaintiff requests only declaratory relief, which, in the past, has been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). In 1996, however, Congress passed the Federal Courts Improvement Act ("FCIA") which legislatively reversed *Pulliam* in several important respects. Most significantly, the FCIA amended 42 U.S.C. § 1983 to state that "... in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (amended Oct. 19, 1996 by Pub.L. 104-317, Title III, § 309(c), 110 Stat. 3853). Plaintiff neither alleges that Defendant Smithart violated a declaratory decree nor that declaratory relief is unavailable. Furthermore, a 42 U.S.C. § 1983 action may not be used to compel a state court to take a particular course of action because this court has no authority to issue a writ directing state courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley v. Superior Court of Mecklenburg*

2

*County*, 411 F.2d 586, 587 (4th Cir. 1969).

In light of the foregoing, dismissal of Plaintiff's complaint against Defendant Smithart prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

*B. Circuit Court Clerk Wilbur Jernigan*

As noted, Plaintiff states that he  filed a state habeas corpus petition with the Circuit Court for Bullock County in February 2010. He complains, however, that Defendant Jernigan failed to serve the petition, resulting in a violation of his due process rights and a denial of his right to access the courts.

When a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980).  Additionally, where a court clerk acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because he/she is performing a judicial function. *See Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983).

The fact that Defendant Jernigan holds the titular position of the Clerk of Court for the Bullock County Circuit Court is insufficient to establish liability, as the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983.  Supervisors cannot be held liable for the errors of their subordinates or on the basis of vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v.* Crawford, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401

3

(11th Cir. 1986). Supervisory liability under § 1983 occurs only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so." *Brown*, 906 F.2d at 671. The Clerk of Court is a supervisory position and, although Plaintiff asserts that Defendant Jernigan has failed to serve his habeas petition, it is highly unlikely that Jernigan would be personally engaged in the service of pleadings filed with the Circuit Court for Bullock County.

Even if the actions about which Plaintiff complains constitute negligence, a claim of negligence is not cognizable in a § 1983 action. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Rather, such claims are more appropriately addressed by traditional tort law, which Plaintiff may pursue in state court. *Id*.

To the extent that Plaintiff's complaint against Defendant Jernigan is in the nature of a writ of mandamus, *see* 28 U.S.C. § 1361, the law is settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a Plaintiff. As explained, however, federal courts are without jurisdiction to issue writs compelling action by state courts and officials in the performance of their duties. *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir.1988); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Gurley*, 411

4

F.2d 586, 587 (4th Cir. 1969). Thus, this federal district court has no mandamus jurisdiction over the Defendant state employee and cannot compel him to perform the action Plaintiff requests. For the foregoing reasons, Plaintiff's complaint against Defendant Jernigan is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

*C. The Habeas Claim*

Plaintiff complains that his parole was improperly revoked by Defendants Coughran and Kirkland. This claim provides no basis for relief at this time. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641, 646 (1997).

In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies

5

the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "remphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The principles espoused in *Heck* and *Balisok* apply to revocations and denials of parole. *Butterfield v. Bail*, 120 F.3d 1023 (9ᵗʰ Cir. 1997) (denial of parole); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5ᵗʰ Cir.1995) (revocation of parole); *Schafer v. Moore*, 46 F.3d 43, 44-45 (8ᵗʰ Cir.1995) (denial of parole). Plaintiff has not shown that the parole revocation decision he challenges has been invalidated in an appropriate civil action. Consequently, the instant collateral attack on the challenged actions by agents of the Alabama Board of Pardons and Paroles is prohibited by *Heck* and *Balisok*. Based on the foregoing, the court concludes that Plaintiff presently has no cause of action under § 1983 with respect to claims challenging the validity of his parole revocation. This claim, therefore, is due to be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's 42 U.S.C. § 1983 complaint against the named defendants be

DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i-iii);

2.   Plaintiff's challenge to the constitutionality of his current incarceration be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is not properly before the court at this time;

3.   To the extent Plaintiff's complaint may be construed as a writ of mandamus, it be DISMISSED for lack of jurisdiction;

4.   This case be DISMISSED prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)

It is further ORDERED that on or before **February 8, 2011,** the parties are DIRECTED to file any objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) ( *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 25th day of January, 2011.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF  UNITED  STATES  MAGISTRATE  JUDGE

8