IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

GLEN I. TAYLOR, #127 254            *

     Plaintiff,                       *

          v.                    *            2:10-CV-1057-ID
                                              (WO)

JUDGE BURT SMITHART, *et al*.,      *

     Defendants.                      *

_____

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 25, 2011, the undersigned entered a Recommendation that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed objections to the Recommendation on February 9, 2011. Upon thorough review of this pleading, the court concludes that Plaintiff's objections are without merit. However, in the interest of justice, the court deems it appropriate to supplement its previous Recommendation in light of the contentions raised by Plaintiff in his objections.

In the January 25 Recommendation of the Magistrate Judge, the court recommended dismissal of the instant 42 U.S.C. § 1983 action in accordance with 28 U.S.C. § 1915(e)(2)(B)(i-iii). Specifically, with regard to Plaintiff's claims against the Honorable Burt Smithart, the court concluded that Plaintiff's request for declaratory relief against Defendant Smithart did not entitle him to relief as he failed to allege that Defendant Smithart violated a declaratory decree or that declaratory relief is unavailable. *See* 42 U.S.C. § 1983 (amended

Oct. 19, 1996 by Pub.L. 104-317, Title III, § 309(c), 110 Stat. 3853) ("... in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").   The court also determined that Plaintiff's claims against Defendant Wilbur Jernigan, Clerk of the Circuit Court for Bullock County, were due to be dismissed as there can be no liability against this defendant on the basis of respondeat superior or for negligence. The court further determined that Defendant Jernigan is absolutely immune from any request for damages when sued under 42 U.S.C. § 1983 to the extent Plaintiff's claims challenge his performance of a judicial function, and that this court has no mandamus jurisdiction over Defendant Jernigan, and thus, cannot compel him in the performance of his duties. Finally, the court determined that, to the extent that Plaintiff's claims against Defendants Coughran and Kirlkland essentially challenge the constitutionality of his parole revocation proceeding, such claims are subject to dismissal without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).   (*Doc. No. 5.*)

In his objections, Plaintiff asserts that the court has misunderstood the nature of his complaint, that he does not seek injunctive relief of any kind, and only seeks a declaratory judgment pursuant to Rule 57, *Federal Rules of Civil Procedure*. He maintains that  he is not seeking immediate release, a speedier release, or release at all, nor is he seeking damages. Rather, "Plaintiff ask[s] nothing of this court but [a] declaratory judgment under Rule 57," F.R.Civ.P. Specifically, Plaintiff seeks a declaration that Defendants Smithart and Jernigan

have violated his right to due process and his right to access the courts due to their violation of state law in failing to process, serve, and otherwise act on matters associated with his state application for habeas relief filed in the Circuit Court for Bullock County in February 2010, and that Defendants Coughran and Kirkland have violated his due process rights with respect to matters associated with the validity and sufficiency of his 2007 parole revocation proceedings. (*Doc. No. 6.*)

## I. DISCUSSION

Pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Declaratory Judgment Act of 1934, *see* 28 U.S.C. § 2201, a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A district court may issue a declaratory judgment only in "a case of actual controversy within its jurisdiction." *Id.* A "case of actual controversy" means one of a justiciable nature. *Ashwander v. Tennessee Valley Auth.,* 297 U.S. 288, 325 688 (1936). The Act does not require the courts to issue a declaratory judgment. Rather, it " 'confers a discretion on the courts rather than an absolute right upon the litigant.' " *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995), (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952)).

In this case, Plaintiff cannot show that he is entitled to a declaratory judgment because he has not shown that an "actual controversy" exists. Plaintiff's complaints that Defendants Smithart's and Jernigan have violated state law due to their alleged mismanagement of his

3

state habeas application do not provide a legal basis on which relief may be granted. Plaintiff requests the court to "declare" that his constitutional rights have been violated by Defendants Smithart's and Jernigan's failure to act or perform certain duties in their capacities as a judge and clerk in relation to the filing of his state habeas application. Declaratory relief, however, is inappropriate solely to adjudicate past conduct, *Gruntal & Co., Inc., v. Steinberg*, 837 F. Supp. 85, 89 (D. N.J. 1993), and is not intended for the purpose of simply proclaiming that one party is liable to another. *See Loveladies Harbor, Inc., v. United States*, 27 F.3d 1545, 1553-54 (Fed. Cir. 1994) (*en banc*).

Here, the claims against Defendants Jernigan and Smithart for which plaintiff seeks a declaration concern matters which are appropriately pursued by filing a motion or pleading in state court. Plaintiff has otherwise failed to allege a sufficient basis upon which declaratory relief would be appropriate against Defendants Smithart and Jernigan in this proceeding because he has failed to show a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medimmune, Inc., v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

With regard to his request for a declaratory judgment against Defendants Kirkland and Coughran, Plaintiff essentially asks the court to declare that their acts, conduct, or omissions with respect to his parole revocation proceedings violated his constitutional right to due process. As explained in the January 25, 2011, Recommendation of the Magistrate Judge, no cause of action exists under § 1983 unless the parole revocation challenged by Plaintiff

4

has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v Humphrey,* 512 U.S. 477, 489 (1994). The relevant inquiry about the viability of Plaintiff's claims is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction...." 512 U.S. at 487; *Edwards v. Balisok,* 520 U.S. 641, 646-648 (1997). "It is irrelevant that [the plaintiff] disclaims any intention of challenging his [parole revocation]; if he makes allegations that are inconsistent with the [revocation proceeding's] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan,* 324 F.3d 488, 490 (7th Cir. 2003). The rule of *Heck* is not limited to a request for damages but is equally applicable to a plaintiff's request for declaratory judgment or injunctive relief where, as here, Plaintiff states that the actions about which he complains with respect to the revocation of his parole violated his right to due process. *See Balisok, supra.* A plaintiff "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins,* 945 F. Supp. 1143, 1151 (N.D.Ill.1996); *Perez v. Ledesma*, 401 U.S. 82, 123 (1971) (where a special statutory proceeding has been provided, *i.e.,* 28 U.S.C. § 2254, a declaratory judgment should not be granted); *Miller v. Indiana Dept. of Corrections,* 75 F.3d 330, 331 (7th Cir.1996) ("[T]he [relevant] issue," when applying *Heck,* "is not the relief sought, but the ground of the challenge."); *Heck,* 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come

within the literal terms of § 1983...."); *Balisok,* 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus.); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (principles espoused in *Heck* and *Balisok* apply to revocations and denials of parole). In *Balisok,* the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649. And, of course, before Plaintiff may seek habeas relief in this court, he must first seek relief in state court. *See Rose v. Lundy,* 455 U.S. 509, 520 (1982) (The Court's "interpretation of § § 2254(b),(c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court ...")

In light of the foregoing, Plaintiff's action for declaratory judgment under 28 U.S.C. § 2201, Rule 57, F.R.Civ.P.,  is due to be denied and dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The January 25, 2011, Recommendation of the Magistrate Judge (*Doc. No. 5*) be ADOPTED;

2.  Plaintiff's action, to the extent it is considered a complaint for declaratory judgment pursuant to 28 U.S.C. § 2201, Rule 57, F.R.Civ.P.,  be DENIED  pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i-ii) and DISMISSED prior to service of process;

It is further ORDERED that on or before **March 16, 2011,** the parties are DIRECTED to file any objections to the Supplemental Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Supplemental Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Supplemental Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) ( *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 1st day of March, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE